So Ordered.

Dated: June 9, 2025



G. Michael Halfenger
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

    James Liukonen,                                   Case No. 24-26139-gmh
                                                  Chapter 13

        Debtor.

Stephanie Johnson,
        Plaintiff,

        v.                                            Adv. Proc. No. 25-2028-gmh

James Liukonen,
        Defendant.

**DECISION AND ORDER (1) GRANTING RELIEF FROM STAY TO CONTINUE CIVIL ACTION AGAINST THE DEBTOR IN THE DISTRICT COURT AND (2) DENYING DEFENDANT'S MOTION TO DISMISS;**

**AND**

**REPORT AND RECOMMENDATION THAT DISTRICT COURT SHOULD DENY JOHNSON'S MOTION TO WITHDRAW THE REFERENCE**

Stephanie Johnson is the plaintiff in a pending civil action in the Eastern District of Wisconsin against chapter 13 debtor James Liukonen. That action was statutorily stayed by 11 U.S.C. §362(a) when Luikonen filed a chapter 13 bankruptcy petition. Johnson filed an adversary proceeding in this court in which she pleads claims that duplicate those she was pursuing in the district court and adds a request that those claims are not dischargeable. She seeks to have the district court continue its adjudication of her claims against the debtor, either by this court granting relief from the stay imposed by §362(a) of the Bankruptcy Code or by convincing the district court to withdraw the reference of the parties' adversary proceeding to the bankruptcy court (or perhaps also withdrawing the reference of the debtor's bankruptcy case—her request is unclear). The debtor opposes these requests and asks that this court dismiss Johnson's adversary proceeding for failing to state a claim upon which relief can be granted.

For the reasons explained below, this court (a) grants relief from the §362(a) stay to allow Johnson to pursue a final adjudication of her claims in the district court, (b) denies the debtor-defendant's motion to dismiss the adversary proceeding but stays that proceeding to await a final order by the district court, and (c) recommends to the district court that it not withdraw the reference of either the adversary proceeding or the debtor's chapter 13 case.

I

In April 2023 Johnson sued Liukonen in the United States District Court for the Eastern District of Wisconsin. *Johnson v. Liukonen*, No. 23-cv-00543 (E.D. Wis.) (Duffin, M.J., presiding). She alleged that Liukonen, her landlord, discriminated against her based on her race and disability and that he acted in ways that intentionally or negligently inflicted emotional distress, violating both federal and state law. She asked that her claims by tried by a jury and that the court award her compensatory and punitive damages, alleging that Liukonen's actions were "malicious and done with an

intentional disregard of [her] rights". *Johnson v. Liukonen*, No. 23-cv-00543, ECF No. 1, at 6. Magistrate Judge Duffin, who, with the parties' consent, presides over the case through entry of a final judgment, see 28 U.S.C. §636(c), entered a final pretrial order on November 4, 2024, setting the matter to be tried by a jury commencing November 18, 2024. *Johnson*, No. 23-cv-00543, ECF No. 34.

On November 14, 2024, Liukonen filed a petition commencing a bankruptcy case under chapter 13, which stayed further proceedings in the district court. See *In re Liukonen*, Case No. 24-26139 (Bankr. E.D. Wis.) & 11 U.S.C. §362(a). In February 2025 Johnson sought relief in this court, commencing an adversary proceeding in which she repleads the claims made in the district court and further alleges that her claims are excepted from discharge in this case under chapter 13 of the Bankruptcy Code because they are "claims [ ] for bodily injury within the meaning of" 11 U.S.C. §1328(a)(4). *Johnson v. Liukonen*, Adv. Proc. No. 25-02028, ECF No. 1, at 2 (Bankr. E.D. Wis.). She also filed a motion for relief from the §362(a) stay to allow the district court case to proceed, combined with a request that the district court withdraw the reference.[1] *In re Liukonen*, Case No. 24-26139, ECF Nos. 43 & 43-1. Liukonen objected to the motion for relief from the stay and filed a motion to dismiss the adversary proceeding pursuant to Federal Rule of Civil Procedure 12(b)(6) (incorporated into this proceeding by Federal Rule of Bankruptcy Procedure 7012), arguing that Johnson's complaint fails to state an actionable claim for relief. *Id*. ECF No. 49; see also *Johnson v. Liukonen*, Adv. Proc. No.

---

1. Before seeking relief from the stay in this court, Johnson filed a motion in the district court requesting that the district court proceed with the jury trial and modify "the stay in this matter [to] allow this case to proceed in the District Court". *Johnson v. Liukonen*, No. 23-cv-00543, ECF No. 52, at 1; see also ECF No. 51. Johnson's request that the district court try the case there, notwithstanding Liukonen's pending bankruptcy proceeding, invited further proceedings in the district court, all of which certainly offended §362(a)(1)'s automatic stay on "the . . . continuation . . . of a judicial . . . action . . . against the debtor that was . . . commenced before the commencement of the case under" the Bankruptcy Code. *Johnson v. Liukonen*, No. 23-cv-00543, ECF Nos. 51 & 52. Judge Duffin promptly informed Johnson that she must obtain relief from the §362(a) stay in the bankruptcy court before her district court case could continue. *Id.* ECF No. 56.

25-02028, ECF No. 4. Johnson objected to the motion to dismiss. *Johnson v. Liukonen*, Adv. Proc. No. 25-02028, ECF No. 7.

Johnson's request for relief from the automatic stay, Liukonen's motion to dismiss Johnson's adversary proceeding, and Johnson's motion to withdraw the reference of her pending adversary proceeding all involve interrelated facts and legal issues, which this decision addresses in turn.

II

Johnson requests relief from the §362(a) stay so that the district court can try her claims against the debtor to a jury, as it was prepared to do when Liukonen filed his bankruptcy case, and she asserts that her claims will be deemed not dischargeable under §1328(a)(4) after they are liquidated in the district court proceeding. Section 362(d)(1) authorizes this court to modify the §362(a) stay "for cause", and allowing creditors to liquidate their claims in other forums can constitute cause for relief when litigation elsewhere is the most efficient course. See *In re Stewart*, 649 B.R. 755, 763 (Bankr. N.D. Ill. 2023). Opposing this course, Luikonen argues that §1328(a)(4)'s discharge exception is inapplicable as a matter of law because it is limited to debts for damages awarded *before* the debtor commences a bankruptcy case that result from conduct that causes *personal injury*. *Johnson v. Liukonen*, Adv. Proc. No. 25-02028, ECF No. 4, at 2–11. Liukonen argues that there is no persuasive reason to grant relief from the automatic stay to try claims to judgment only to have the enforcement of that judgment barred by a bankruptcy discharge. See 11 U.S.C. §524(a)(1) ("A discharge . . . voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section . . . 1328 of this title".). Liukonen makes the same arguments about the scope of §1328(a)(4) to support his motion to dismiss the adversary proceeding.

Under these circumstances, to adjudicate both the motion for relief from the automatic stay and the motion to dismiss the adversary proceeding, the court must first

decide whether, if Johnson were to prevail on her claims in the district court, those claims could be deemed not dischargeable under §1328(a)(4).

A

*Section 1328(a)(4) excepts from discharge certain debts for damages awarded in a civil action before the entry of the chapter 13 discharge order.* Section 1328(a) directs the court to grant a chapter 13 debtor's discharge "after completion by the debtor of all payments under the plan", except for debts of the type provided for in §1328(a)(1)–(4). By not making a discharge available until the debtor completes all plan payments, §1328(a)'s plain text provides the temporal benchmark for determining whether the debtor owes a dischargeable debt.[2] Only when the debtor has completed the plan and the court grants the discharge is there a reason to determine whether a debt that is excepted from discharge under §1328(a)(1)–(4).

Section 1328(a)(4) provides that, once the debtor completes the plan payments, "the court shall grant the debtor a discharge of all debts . . . except any debt . . . for restitution, or damages, awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual or the death of an individual." If no damages have been awarded before the discharge is granted, the matter is at an end, since the discharge operates to enjoin permanently the continuation of any civil action to collect otherwise dischargeable debts. 11 U.S.C. §524(a)(2). Before the court grants a discharge, however, a creditor with an unliquidated debt may pursue a damages award, either in the bankruptcy court or, with relief from the §362(a) stay, in some other forum, and if that creditor obtains a damages award before the discharge enters, the debt will not be discharged if it satisfies §1328(a)(4)'s

---

2. Contrast 11 U.S.C. §727(b), which explicitly provides, "Except as provided in [11 U.S.C.] section 523 . . . , a discharge under [11 U.S.C. §727(a)] discharges the debtor from all debts that arose before the date of the order for relief under [ ] chapter [7] . . . ."

other requirements.

In seeking to persuade the court to deviate from this straightforward reading of §1328(a), the debtor champions two decisions, issued shortly after Congress added §1328(a)(4) in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005: *Parsons v. Byrd (In re Byrd)*, 388 B.R. 875, 876-77 (Bankr. C.D. Ill. 2007), and *In re Nuttall*, No. 06-14233, 2007 WL 128896 (Bankr. D. N.J. Jan. 11, 2007). Both decisions conclude that §1328(a)(4)'s application is limited to debts for civil damages awarded before the debtors commenced their chapter 13 case. *Byrd* is procedurally similar to this proceeding. Before the debtor, Byrd, filed for bankruptcy, Parsons had filed a civil lawsuit against him for damages sustained in a bar fight. While the civil case was pending, Byrd filed a chapter 13 case. Parsons then filed an adversary proceeding seeking a declaration that the debt was not dischargeable. The court granted Byrd's motion to dismiss, ruling that the debt was dischargeable because Byrd filed for bankruptcy before Parsons obtained a damages award. *Id.* at 877. Similarly, in *Nuttall*, the creditor, a victim of the debtor's aggravated criminal assault, asked the bankruptcy court for relief from the stay to liquidate his personal injury claim in state court. 2007 WL 128896, at *1.

*Byrd* and *Nuttall* reason as follows: Because §1328(a)(4)'s exception to discharge is limited to (certain) debts "for restitution, or damages, awarded in a civil action", §1328(a)(4), "only restitution or damages 'awarded' in a civil action against the debtor are potentially non-dischargeable at the completion of payments in a Chapter 13 case*.*" *Byrd*, 388 B.R. at 877. From this, they conclude, "a **pre-petition award** of restitution or damages for willful or malicious injury **is a prerequisite to a finding of a non-dischargeability under §1328(a)(4)**." *Id.* (emphasis added) (citing Collier on Bankruptcy (15th Edition Revised 2006) & Keith M. Lundin, Chapter 13 Bankruptcy (3rd ed. 2000 & Supp.2006)); see also *Nuttall*, 2007 WL 128896, at *3 ("Although Congress may not have intended for victims of intentional torts to be subject to discharge of their debts where

other requirements.

In seeking to persuade the court to deviate from this straightforward reading of §1328(a), the debtor champions two decisions, issued shortly after Congress added §1328(a)(4) in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005: *Parsons v. Byrd (In re Byrd)*, 388 B.R. 875, 876-77 (Bankr. C.D. Ill. 2007), and *In re Nuttall*, No. 06-14233, 2007 WL 128896 (Bankr. D. N.J. Jan. 11, 2007). Both decisions conclude that §1328(a)(4)'s application is limited to debts for civil damages awarded before the debtors commenced their chapter 13 case. *Byrd* is procedurally similar to this proceeding. Before the debtor, Byrd, filed for bankruptcy, Parsons had filed a civil lawsuit against him for damages sustained in a bar fight. While the civil case was pending, Byrd filed a chapter 13 case. Parsons then filed an adversary proceeding seeking a declaration that the debt was not dischargeable. The court granted Byrd's motion to dismiss, ruling that the debt was dischargeable because Byrd filed for bankruptcy before Parsons obtained a damages award. *Id.* at 877. Similarly, in *Nuttall*, the creditor, a victim of the debtor's aggravated criminal assault, asked the bankruptcy court for relief from the stay to liquidate his personal injury claim in state court. 2007 WL 128896, at *1.

*Byrd* and *Nuttall* reason as follows: Because §1328(a)(4)'s exception to discharge is limited to (certain) debts "for restitution, or damages, awarded in a civil action", §1328(a)(4), "only restitution or damages 'awarded' in a civil action against the debtor are potentially non-dischargeable at the completion of payments in a Chapter 13 case*.*" *Byrd*, 388 B.R. at 877. From this, they conclude, "a **pre-petition award** of restitution or damages for willful or malicious injury **is a prerequisite to a finding of a non-dischargeability under §1328(a)(4)**." *Id.* (emphasis added) (citing Collier on Bankruptcy (15th Edition Revised 2006) & Keith M. Lundin, Chapter 13 Bankruptcy (3rd ed. 2000 & Supp.2006)); see also *Nuttall*, 2007 WL 128896, at *3 ("Although Congress may not have intended for victims of intentional torts to be subject to discharge of their debts where

the Debtor beats them in a race to the courthouse, this Court finds that the plain language of the statute requiring that the debt be 'awarded' means that the debt is subject to discharge until there has been a determination of liability, which has not yet occurred in the matter before this Court."). But neither decision explains *why* a damages award must *precede the petition date* to satisfy the §1328(a)(4) exception when the chapter 13 discharge cannot be granted until plan completion.

Rather than answer this question, *Byrd* turns to differences between §1328(a)(4) and §523(a)(6): "Section 1328(a)(4) is clearly worded differently than 11 U.S.C. § 523(a)(6), and, had Congress intended a different meaning, it could easily have worded § 1328(a)(4) to include restitution or damages as being non-dischargeable regardless of the entry of a judgment in a civil proceeding prior to the filing of a Chapter 13 bankruptcy petition." *Id.*[3] True, §523(a)(6), while similar to §1328(a)(4) in some ways, has no "awarded in a civil action" language, and Congress could have clarified the matter, as it eventually did in §523(a)(19)'s exception for debts for securities-related wrongdoing and §523(a)(9)'s exception for debts arising from a debtor's intoxicated use of a motor vehicle.[4] So what? That Congress could have added

---

3. See also Keith M. Lundin, *Lundin On Chapter 13*, § 159.7, at ¶ 10, https://www.lundinonchapter13.com/Content/Section/159.7 (last visited May 13, 2025) ("By analogy, § 101(14A) speaks of a domestic support obligation that is 'established or subject to establishment.' The less expansive use of the word 'awarded' in § 1328(a)(4) should confine this exception to discharge to restitution or damages that already happened at the Chapter 13 petition.").

4. The debtor argues that "Congress understood the effect of the language in" previous versions of §523(a)(9) and (19) to require prepetition awards, and so the fact that Congress later amended those statutes, and thus knew how to word statutes in a way to include post-petition debts, but did not include similar language in §1328(a)(4), demonstrates that it intended for §1328(a)(4) to apply only to prepetition awards. *Johnson v. Liukonen*, Adv. Proc. No. 25-02028, ECF No. 4, at 4–7. The debtor also argues that the relevant amendments to §523(a)(19)—which clarified that the debt from a qualifying securities-related wrongdoing may "result[], before, on, or after the date on which the petition was filed, from" any manner of judgments, orders, or agreements—was enacted as part of the same 2005 Act that created §1328(a)(4), and the fact that Congress did not use the same language in each section means that Congress intended §1328(a)(4) only to apply to prepetition awards. *Id.* at 6–7.

more words to §1328(a)(4)—could have, for example, added "debt . . . for damages awarded in a civil action *at any time before the discharge is granted under this section . . .*"—is irrelevant. The exception's context makes the imagined addition superfluous and its omission irrelevant.

*Nuttall* simply presumes, without further explication, that the petition date is the time to determine whether there is a damages award for purposes of §1328(a)(4):

> [T]his Court finds that the plain language of the statute requiring that the debt be 'awarded' means that the debt is subject to discharge until there has been a determination of liability, which has not yet occurred in the matter before this Court. . . . To hold other than to require a determination of liability in order to find the debt nondischargeable under § 1328(a)(4) would be to render the word "awarded" mere surplusage, which this Court cannot do.
>
> Therefore, [the creditor's] claim for $300,000 cannot be held to be nondischargeable because it is a contingent and unliquidated claim, not yet reduced to judgment and awarded by a court of competent jurisdiction, and therefore outside of the statutory exception to discharge created by the plain language of § 1328(a)(4).

*Id.* at *3–4. Like *Byrd* and the treatises on which it relies, *Nuttall* does not explain why a claim that is contingent and unliquidated when the debtor files his bankruptcy petition can't later become a liquidated debt for "damages[] *awarded* in a civil action" potentially

---

The debtor further observes that Congress amended §523(a)(9)'s language, removing a requirement that the debt "arise[] from a judgment or consent decree", in order to "close the loophole which allowed drunk drivers to escape payment to their victims prior to entry of a judgment or consent decree." *Id.* at 6 (quoting *In re Weilein*, 319 B.R. 175, 178 (Bankr. N.D. Iowa 2004)) (emphasis omitted). Other courts, however, rely on decisions interpreting that same older version of §523(a)(9) *not* to require that such a claim be "reduced to judgment at the time [the debtor] filed his bankruptcy petition." See, e.g., *Buckley v. Taylor (In re Taylor)*, 388 B.R. 115, 120 (Bankr. M.D.Pa. 2008) (discussing *Young v. Rose (In re Rose)*, 86 B.R. 86 (Bankr. E.D. Mich. 1988)); see also *Woods v. Roberts (In re Roberts)*, 431 B.R. 914, 918–19 (Bankr. S.D. Ind. 2010) & *Waag v. Permann (In re Wagg)*, 418 B.R. 373, 380–81 (B.A.P. 9th Cir. 2009). Ultimately, these arguments are unpersuasive because, as explained above, the plain language of §1328(a)(4) provides a clear deadline for a creditor to obtain a qualifying civil damages award, and that deadline is entry of the discharge order.

excepted from discharge by §1328(a)(4) if an award is made during the bankruptcy case but before the court grants the discharge. 11 U.S.C. §1328(a)(4) (emphasis added).

As the debtor concedes, moreover, most courts have rejected the *Byrd-Nuttall* interpretation of §1328(a)(4).[5] *Johnson v. Liukonen*, Adv. Proc. No. 25-02028, ECF No. 4, at 4. Generally, these courts reason that "awarded" in §1328(a)(4) functions as a past participle, defining a type of debt for restitution and damages: "By reading 'awarded' as part of a participial phrase, the word is not rendered mere surplusage, but part of a phrase that describes what types of 'restitution' and 'damage' awards are protected from discharge." *Taylor*, 388 B.R. at 119. "'As a past participle, 'awarded' merely signifies 'completion' or an entry of a restitution or damages award at the time of the determination of nondischargeability. Nothing in phraseology of section 1328(a)(4) requires, either implicitly or explicitly, entry of a prepetition judgment.'" *Roberts*, 431 B.R. at 918 (quoting *Waag*, 418 B.R. at 379) (citations omitted).[6]

---

5. See *Waag v. Permann (In re Waag)*, 418 B.R. 373, 381 (B.A.P. 9th Cir. 2009) ("Based on the grammatical structure of section 1328(a)(4), the context in which it is used, and its policy and object, we agree . . . that it does not differentiate between a judgment entered prepetition and one entered postpetition."); *Buckley v. Taylor (In re Taylor)*, 388 B.R. 115, 119 & 120 (Bankr. M.D. Pa. 2008) ("When § 1328(a)(4) is interpreted within the overall grammatical structure of § 1328(a) it is plain that the statute does not intend to differentiate between a judgment entered before and one entered after a bankruptcy petition is filed."); *In re Abbott*, No. 15-06822-5, 2016 WL 6892456, at *2 (Bankr. E.D.N.C. Nov. 22, 2016) ("The court finds *In re Byrd* to reflect a minority view that has been rejected by the majority of courts to have considered the issue, and declines to follow its reasoning.") (collecting cases); *K.C. v. Grosso (In re Grosso)*, 512 B.R. 768, 773 (Bankr. D. Del. 2014) ("[T]his Court concludes that a claim for liability that has not been reduced to a judgment at the time a debtor files a petition may nevertheless be excepted from discharge pursuant to § 1328(a)(4)."); *Adams v. Adams (In re Adams)*, 478 B.R. 476, 483–84 (Bankr. N.D. Ga. 2012); *In re Capote*, No. 11–22087, 2012 WL 1597375, at *1 (Bankr. S.D. Fla. May 7, 2012); *Miller v. Schaub (In re Schaub)*, No. 11-23707, Adv. No. 11–01811, 2012 WL 1144424, at *3–5 (Bankr. D.N.J. Apr. 4, 2012); *Kubera v. Edmonds (In re Edmonds)*, No. 11-01064, Adv. No. 11–00137, 2011 WL 5909420, at *2–3 (Bankr. E.D.N.C. Aug. 22, 2011); *Woods v. Roberts (In re Roberts)*, 431 B.R. 914, 916–19 (Bankr. S.D. Ind. 2010); See also Hon. W. Homer Drake, Jr., Hon. Paul W. Bonapfel, & Adam M. Goodman, CHAPTER 13 PRAC. & PROC., Vol. 2, 21:17, 821–22 & n.21 (2022 ed.) (collecting cases).

6. These decisions offer additional supporting grounds. They observe that §1328(a)(3) and (4) "are parallel and designed to distinguish between restitution imposed ('included') in a criminal case and restitution imposed ('awarded') in a civil case[,] [n]either [of which] requires a prepetition imposition of such

The overall reasoning of *Taylor* and its progeny is more compelling than that of *Byrd* and *Nuttall*. Section 1328(a)(4) is best read to direct a determination of whether a debt is "for . . . damages[] awarded in a civil action" after the debtor has completed all plan payments and is eligible for a discharge under §1328(a), not before the debtor commences the chapter 13 case. Therefore, the fact that Johnson has yet to obtain a damages award in a civil action does not now warrant a conclusion that, as a matter of law, her unliquidated debt is dischargeable in this chapter 13 case.

B

*For purposes of §1328(a)(4), "personal injuries to an individual" include both physical and psychological (emotional) injuries.* The debtor next contends that Johnson's debt cannot be excepted from discharge because any award she might obtain will not result from "personal injury to an individual" within the meaning of §1328(a)(4). Johnson asserts that her claims for emotional distress seek damages for personal injury within the meaning of §1328(a)(4). *Johnson v. Liukonen*, Adv. Proc. No. 25-02028, ECF No. 1, at 5–6 & ECF No. 7, at 7–8.

The Bankruptcy Code does not define "personal injury," either in §1328 or elsewhere. And, as many decisions acknowledge, "personal injury" as used in that section may "(1) refer[] solely to personal *bodily* injury; (2) include[] *non-physical* injury but not business or financial injuries; or (3) include[] all injuries insofar as the injury is treated as a personal injury under non-bankruptcy law." *Michael v. Denson (In re Denson)*, No. 19-00070, Adv. No. 19-50014, 2020 WL 1547493, at *3 (Bankr. S.D. Ind. Mar.

---

restitution." *Waag*, 418 B.R. at 380; see also *Adams*, 478 B.R. at 483–84; *Schaub*, 2012 WL 1144424, *3–4. They also look to decisions interpreting the pre-1990 version of §523(a)(9), which held that the language then in effect—which excepted "any debt . . . to the extent that such debt arises from a judgment . . . entered in a court of record against a debtor wherein liability was . . . a result of the debtor's operation of a motor vehicle while illegally intoxicated"—not to require that such a claim be "reduced to judgment at the time [the debtor] filed his bankruptcy petition." See, e.g., *Taylor*, 388 B.R. at 120 (discussing *Young v. Rose (In re Rose)*, 86 B.R. 86 (Bankr. E.D. Mich. 1988)); see also *Roberts*, 431 B.R. at 918; and *Waag*, 418 B.R. at 380–81.

30, 2020) (quoting *Seubert v. Deluty (In re Deluty)*, 540 B.R. 41, 47 (Bankr. E.D.N.Y. 2015)) (emphasis in original).

The meaning of "personal injury" in §1328(a) is a question of federal statutory interpretation. One starts with the text, which excepts from discharge "any debt" "for restitution, or damages, awarded in a civil action against the debtor *as a result of* willful or malicious **injury** by the debtor *that caused* **personal injury** to an individual or the death of an individual." §1328(a)(4) (emphasis added). The Seventh Circuit has construed the word "injury" in a related context—§523(a)(6)'s discharge exception for "debt[s] . . . for willful and malicious injury by the debtor to another entity or to the property of another entity"—"to mean a 'violation of another's legal right, for which the law provides a remedy.'" *First Weber Grp., Inc. v. Horsfall*, 738 F.3d 767, 774 (7th Cir. 2014) (quoting *Weinstein & Assocs., Ltd. v. Lymberopoulos (In re Lymberopoulos)*, 453 B.R. 340, 343 (Bankr. N.D. Ill. 2011)). Presuming that the same concept of "injury" applies equally to §1328(a)(4)'s use of "willful or malicious injury"—*that injury* (read: the willful or malicious violation of a legal right) must have caused a "personal injury" (or death) to an individual for which damages were awarded in a civil action. In this context the "personal" modifier seems best understood to distinguish harms to the person from financial harms or harms to one's business or property (which can also be caused by willful or malicious violations of legal rights but which may be discharged under §1328(a) because §523(a)(6) does not apply to a discharge granted under that section, see §1328(a)(2)); see also *Universal Restoration Svcs, Inc. v. Hartung (In re Hartung)*, No. 12-21920, Adv. No. 12-2359, 2014 WL 201100, at *7 (Bankr. E.D. Wis. Jan. 17, 2014), aff'd, 511 B.R. 538 (E.D. Wis. 2014) ("Because the damages in this [chapter 13] case are to property and not to person, the plaintiff's arguments in favor of a nondischargeable judgment based upon a willful and malicious injury are rejected.").

Although "personal injury" could be interpreted in a more restrictive manner— that the willful or malicious invasion of legal right must cause physical, rather than

psychological, harm—nothing about §1328(a)(4)'s text so requires. Contrast 11 U.S.C. §522(d)(11)(D) (providing an exemption for the "debtor's right to receive, or property that is traceable to—. . . a payment . . . on account of **personal *bodily* injury, not including pain and suffering** or compensation for actual pecuniary loss . . ." (emphasis added)). Congress elected in 2005 to limit the chapter 13 discharge by excepting liquidated debts for willful *or* malicious injuries—again, invasions of legal rights—that cause personal injury or death to *individuals*, rather than by applying §523(a)(6) to chapter 13 cases and simply excepting debts for all willful and malicious injuries the debtor causes to *entities* (that is, to individuals and legal entities alike, see §101(15) & (41)) or to their property. In context, there's no compelling reason to limit further the types of personal injuries to individuals covered by §1328(a)(4) beyond those suffered by the person, in contrast to financial injuries or injuries to property, all of which are covered by the exclusion in §523(a)(6), which Congress elected not to apply wholesale to the chapter 13 discharge. *See Schubert Osterrieder & Nickelson PLLC v. Bain (In re Bain)*, 436 B.R. 918, 924 (Bankr. S.D. Tex. 2010) ("Emotional distress is among the types of injury covered by § 523(a)(6).") (citing *Hagan v. McNallen (In re McNallen)*, 62 F.3d 619, 625–26 (4th Cir. 1995), and *Petro v. Miller (In re Miller)*, 403 B.R. 804, 818 (Bankr. W.D. Mo. 2009)).

In all events, most courts interpreting the scope of §1328(a)(4)'s "personal injury" limitation have concluded that §1328(a)(4)'s use of "personal injury" includes non-physical harms. See *Adams,* 478 B.R. at 487 ("defin[ing] 'personal injury' in § 1328(a)(4) to exclude injuries to property, but to include nonphysical injuries such as defamation and emotional distress."); *Plys v. Ang (In re Ang)*, 589 B.R. 165, 180 (Bankr. S.D. Cal. 2018) ("The vast majority of courts define 'personal injury' as harm both physical and nonphysical (such as defamation and intentional infliction of emotional distress)."); *Sales v. Bailey (In re Bailey)*, 555 B.R. 557, 561–63 (Bankr. N.D. Miss. 2016); *B.B. v. Grossman (In re Grossman)*, 538 B.R. 34, 42 (Bankr. E.D. Cal. 2015) ("The settled federal

interpretation of 'personal injury' includes nonphysical injuries"); *Deluty*, 540 B.R. at 47 ("'[P]ersonal injury' in the context [of] section 1328(a)(4) . . . excludes financial injury, but includes non-physical injuries, not just bodily injury.") (citing *Adams*, 478 B.R. at 487).

The debtor's arguments to the contrary are unconvincing. The debtor relies on decisions that construe 28 U.S.C. §157(b)(5)'s use of the distinct phrase "personal injury tort." See Adv. Proc. No. 25-02028, ECF No. 4, at 8–10 (citing *Massey Energy Co. v. W. Va. Consumers for Justice*, 351 B.R. 348, 350–51 (E.D. Va. 2006); *Perino v. Cohen (In re Cohen)*, 107 B.R. 453, 455 (S.D.N.Y. 1989); *Byrnes v. Byrnes, (In re Byrnes)*, 638 B.R. 821, 826–30 (Bankr. D.N.M. 2022); *Priest v. Interco, Inc. (In re Interco, Inc.)*, 135 B.R. 359, 362 (Bankr. E.D. Mo. 1991); and *Vinci v. Town of Carmel (In re Vinci)*, 108 B.R. 439, 441–42 (Bankr. S.D.N.Y. 1989)). It is far from clear that the phrase "personal injury tort" used in 28 U.S.C. §157(b)(5) and case law interpreting that phrase should inform the understanding of §1328(a)(4)'s use of "personal injury to an individual", especially given the contextual differences: Section 1328(a)(4) limits the scope of the discharge under chapter 13, excepting from that discharge debts for nondischargeable awards of damages for willful or malicious injuries (i.e., invasion of legal rights) that cause "*personal injury*" or death to individuals, whereas 28 U.S.C. §157(b)(5) allocates responsibility for adjudicating certain claims, instructing that "[t]he district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending." There is no convincing textual reason to equate the type of personal injury for which an award of damages may be excepted from discharge under §1328(a)(4) of title 11 with Congress's use of "personal injury" to qualify the types of torts to be heard by the district court, rather than the bankruptcy court, under §157(b)(5) of title 28. And, even in the §157 context, many courts have concluded that "personal injury" includes

non-physical harms. See *S.V. v. Kratz*, Nos. 12-C-705, 10-C-919, 2012 WL 3070979, at *2 (E.D. Wis. July 26, 2012) ("The term personal injury . . . means injury to the person of another. The mental and emotional suffering and humiliation alleged by Plaintiff constitute injuries to her person."); *In re Stewart*, 649 B.R. at 760 ("The majority view, though – and the most reasonable – lies in the middle, defining personal injury to include 'emotional and reputational harms' but not business and financial injuries.") (quoting *Adams*, 478 B.R. at 486–87); *Adams*, 478 B.R. at 486-87 (noting that "many courts" have adopted the middle approach); *Adelson v. Smith (In re Smith)*, 389 B.R. 902, 907–08 (Bankr. D. Nev. 2008) (explaining why the middle view is the better view). Courts in this circuit have also generally taken the middle view, reading "personal injury tort" to include torts for non-bodily injury. See, e.g., *S.V. v. Kratz*, 2012 WL 3070979, at *2 (finding "personal injury tort" includes "mental and emotional suffering and humiliation"); *Lightfoot v. Bally Total Fitness Corp.*, No. 08 C 1733, 2011 WL 13383764, at *2 (N.D. Ill. Jan. 6, 2011) (holding that discrimination and defamation claims are "personal injury tort" claims under §157(b)(1)(B)); *Rizzo v. Passialis (In re Passialis)*, 292 B.R. 346, 351–52 (Bankr. N.D. Ill. 2003) (finding slander to be a "personal injury tort").[7]

      Given all this, the court declines the debtor's invitation to read "personal injury" in §1328(a)(4) as limited to bodily injuries and to exclude psychological or emotional injuries. At a minimum, Johnson's claims against the debtor for intentional infliction of emotional distress are ones for personal injuries that potentially give rise to an award of damages made not dischargeable by §1328(a)(4).

---

7. "The Seventh Circuit has not weighed in except to hold that business torts are not personal injury torts, implicitly rejecting the broad interpretation." *Stewart*, 649 B.R. at 760, n.3 (citing *Horwitz v. Alloy Auto. Co.*, 992 F.2d 100, 103 (7th Cir. 1993)).

## III

### A

*There is cause to modify the §362(a) stay to allow the district court to finally adjudicate Johnson's civil action against the debtor.* Section 362(d) of the Bankruptcy Code allows this court to modify §362(a)'s "automatic" stay on proceedings against a debtor when there is cause to do so. 11 U.S.C. §362(d). As explained above, Johnson's claims against the debtor for intentional infliction of emotional distress damages are ones for personal injuries that potentially give rise to an award of damages made not dischargeable by §1328(a)(4), but only if Johnson obtains an award of damages before this court grants the discharge. Currently the §362(a) stay is depriving Johnson of her ability to obtain such an award. For that reason, the court concludes that there is cause to grant relief from the automatic stay.

As *In re Stewart* aptly explains:

> The procedural posture here is not novel: "a personal injury tort action . . . initiated in State Court, interrupted by [a] chapter 13 filing[,] and . . . followed by [a] nondischargeability adversary proceeding." *Dorris v. Chacon (In re Chacon)*, 438 B.R. 725, 736 (Bankr. D.N.M. 2010). Neither is the appropriate judicial response. Courts facing these circumstances commonly "permit the liability and damages issues to be determined either in the state court or the U.S. district court, and then have the parties return to the bankruptcy court as needed for an adjudication of the dischargeability issue." *Id*. (citing cases); see also *In re Cooney*, No. 17-20071, 2017 WL 4119582, at *2 (Bankr. D. Kan. Sept. 14, 2017) (lifting stay to permit state court action to continue); *In re Abbott*, No. 15-06822-5-SWH, 2016 WL 6892456, at *2 (Bankr. E.D.N.C. Nov. 22, 2016) (same); *Miller v. Schaub (In re Schaub)*, Nos. 11-23707 (DHS), 11-01811 (DHS), 2012 WL 1144424, at *5 (Bankr. D.N.J. Apr. 4, 2012) (same). There is every reason to follow the common practice here.

649 B.R. at 763. For this reason, and because all of Johnson's claims in the district court (and here) arise of a common set of facts, the court will modify the §362(a) stay to allow the district court to finally adjudicate all claims pleaded in *Johnson v. Liukonen*, No. 23-

cv-00543 (E.D. Wis.).

B

*Because Johnson may succeed in obtaining a civil damages award that is not dischargeable under §1328(a)(4), the debtor's motion to dismiss Johnson's adversary proceeding must be denied.* Liukonen has moved to dismiss Johnson's adversary proceeding, *Johnson v. Liukonen*, Adv. No. 25-02028 (Bankr. E.D. Wis.), pursuant to Federal Rule of Civil Procedure 12(b)(6), which applies here by operation of Federal Rule of Bankruptcy Procedure 7012. Liukonen argues that the adversary proceeding should be dismissed because "even if all of the Complaint's allegations are taken as true, Ms. Johnson's alleged claims would still be dischargeable in Mr. Liukonen's bankruptcy" case. Adv. Proc. No. 25-02028, ECF No. 4, at 2. For the reasons explained in part II, however, the court concludes that Johnson has claims that, if liquidated before the debtor completes his plan, may be determined to be not dischargeable under §1328(a)(4). Therefore, the court will deny Liukonen's motion to dismiss but will stay further proceedings in the adversary proceeding to await the district court's adjudication of Johnson's claims in the civil action.

C

*This court recommends that the district court deny Johnson's request to withdraw the reference.* District courts have "original . . . jurisdiction of all civil proceedings . . . related to cases under title 11", i.e., the Bankruptcy Code, including this one. 28 U.S.C. §1334(b). The District Court for the Eastern District of Wisconsin, however, has referred all such proceedings to this court. See 28 U.S.C. §157(a) ("Each district court may provide that . . . any or all proceedings . . . related to a case under title 11 shall be referred to the bankruptcy judges for the district.") & Order of Reference (E.D. Wis. July 10, 1984) https://www.wied.uscourts.gov/general-orders/order-reference (last visited June 4, 2025) ("[A]ll proceedings . . . related to a case under title 11 shall be referred to the bankruptcy judges of this District."). But a "district court may withdraw, in whole or in

part, any case or proceeding referred under this section . . . for cause shown." 28 U.S.C. §157(d).

Federal Rule of Bankruptcy Procedure 5011(a) provides that "[a] motion to withdraw a case or proceeding under 28 U.S.C. § 157(d) must be heard by a district judge." As the district court has recognized, however, this court may make a report and recommendation on a request to withdraw the reference. See *Charmoli v. Aspen Am. Ins. Co.*, No. 23-cv-321, 2023 WL 3984590, at *4 (E.D. Wis. June 13, 2023).

Johnson requests that the district court "withdraw the reference of this case, returning it to the district court for trial."[8] *In re Luikonen,* Case No. 24-26139, ECF No. 62, at 10. A "case" in bankruptcy parlance is the matter commenced by the filing of a bankruptcy petition that creates a bankruptcy estate to be administered for the benefit of creditors and in which certain debtors, including individuals who petition for bankruptcy under chapter 13, may pursue a discharge of their debts. See 11 U.S.C. §§301–303, 541(a), 1328; see also 28 U.S.C. §§157(a) & (b)(1), & 1334(a). In context, Johnson does not appear to seek withdrawal of the reference of the debtor's case, only her adversary proceeding in which she repleads the claims against the debtor that are already pending in the district court. Johnson offers no reason for the district court to take over administration of the debtor's chapter 13 case; she just wants it to try her claims against the debtor.

Even so, this decision and order significantly undermines the justification for withdrawing the reference of Johnson's adversary proceeding, *Johnson v. Liukonen*, Adv. Proc. No. 25-02028, because it modifies the stay to allow the district court to enter judgment on Johnson's claims against the debtor. If in presiding over Johnson's district

---

8. While one might question whether Johnson's motion states an adequate request to withdraw the reference under 28 U.S.C. §157(d) and Federal Rule of Bankruptcy Procedure 5011 (see ECF No. 43), Johnson made clear at the March 18, 2025 hearing and in a subsequent supportive filings that she does so request (see ECF Nos. 56, 59, & 62, at 10).

court case Judge Duffin concludes for reasons of administrative efficiency or otherwise that Johnson should be allowed to present evidence in support of her claim that any damages award the debtor is adjudged to pay her is a debt that is not dischargeable under §1328(a)(4), he can certainly do so. The Bankruptcy Code does not require that the bankruptcy court make that determination, unlike determinations that debts are not dischargeable under subsections (2), (4), or (6) of §523(a). See 11 U.S.C. §523(c)(1). Judge Duffin—having the benefit of presiding over the parties' litigation through judgment—might well be best positioned to decide whether any damages award is "as a result of willful or malicious injury by the debtor that caused personal injury" to Johnson, within the meaning of §1328(a)(4). Alternatively, Judge Duffin might conclude that even if Johnson obtains a damages judgment in the civil action before the debtor receives a discharge, the goals of just, speedy, and inexpensive adjudication are best served by leaving the bankruptcy court to determine in Johnson's adversary proceeding whether that award is not dischargeable under §1328(a)(4)—a question well within the bankruptcy court's bailiwick. Because this court's modification of the §362(a) stay seemingly affords Judge Duffin the authority to adjudicate both Johnson's damages claims against the debtor and her contention that any damages award is not dischargeable, there is no cause for the district court to withdraw the reference of the adversary proceeding. This court therefore recommends that the district court deny Johnson's request to withdraw the reference of the adversary proceeding, which this court will stay pending the outcome of Johnson's case against the debtor in the district court.

IV

A

For the reasons stated above in parts I though III.A–B, it is ORDERED:

1. The stay imposed by 11 U.S.C. §362(a) is modified to allow Stephanie Johnson to continue the litigation of her claims against the debtor in the United States

District Court for the Eastern District of Wisconsin and for that court to adjudicate all claims alleged in *Johnson v. Liukonen*, No. 23-cv-00543 (E.D. Wis.); this modification of the §362(a) stay is effective upon the entry of this order and is not itself stayed by the pendency of the request to withdraw the reference, see Fed. R. Bankr. P. 5011(c).

2. James Liukonen's motion to dismiss *Johnson v. Liukonen*, Adv. Proc. No. 25-02028, is denied, and that adversary proceeding is hereby stayed pending the adjudication by the United States District Court for the Eastern District of Wisconsin of all claims alleged in *Johnson v. Liukonen*, No. 23-cv-00543 (E.D. Wis.), or the district court's withdrawal of the reference.

3. Unless the district court withdraws the reference of Johnson's adversary proceeding, Johnson must file a letter in this court within 10 days of the entry of a final determination in *Johnson v. Liukonen*, No. 23-cv-00543 (E.D. Wis.), informing this court of the result of that action and requesting that this court conduct further proceedings in the adversary proceeding, if appropriate.

B

For the reasons stated in part III.C, this court reports and recommends that the district court deny Johnson's request to withdraw the reference, either limited solely to her adversary proceeding or including both that proceeding and Liukonen's chapter 13 case.

#####